JOHN BONNER, plaintiff in error, *vs.* JAMES B. MARTIN, administrator, defendant in error.

1. A judgment cannot be opened and reduced according to the equities between the parties under the act of 1868, if when it was obtained, the defendant pleaded the ordinance of 1865, and a verdict of a jury then fixed the amount due, according to the principles of equity.

2. Where a motion was made to open a judgment, under the act of 1868, which was demurred to on the ground that the act was unconstitutional, and the demurrer was overruled:

*Held*, that it was not error in the judge, when the case was called for trial, to dismiss the proceedings on the ground that upon an inspection of the declaration and pleas it appeared that the equities between the parties had been fully inquired into and settled on the trial at which the judgment was rendered.

Relief Act of 1868. Scaling ordinance. Judgments. Practice in the Superior Court. Before ALBERT H. COX, Esq., Judge *pro hac vice.* Carroll Superior Court. October Term, 1873.

This is the second time this case has been before this Court: See 40 *Georgia Reports,* 501.

The facts were as follows: Martin, as administrator, brought complaint against Bonner to the October term, 1866, of Carroll superior court, on a note dated December 27th, 1862, for $1,163 32. The defendant pleaded Confederate money consideration, a tender of full amount in that currency during the war, and of an amount in United States currency since the war equal in value to the sum borrowed according to the table used for scaling. At the April term, 1867, the defendant confessed judgment for $500 00, "conceding to plaintiff the right of appeal." The plaintiff appealed, and upon a

trial at the October term, 1867, the jury found for him the same amount as had been confessed. At the April term, 1869, a motion was made by the defendant to open the judgment rendered on the aforesaid verdict, under the provisions of the relief act of 1868, setting up substantially the same defenses as were embraced in his pleas. On demurrer, the motion was dismissed, the court holding said act unconstitutional. This decision was reversed by this court. The motion was again pressed at the October term, 1873. Plaintiff moved to dismiss it because all of the material issues had been passed on in the trial had at the October term, 1867. The motion was dismissed, and defendant excepted.

AUSTIN & HARRIS; JOHN S. BIGBY, by W. F. WRIGHT, for plaintiff in error.

W. W. & G. W. MERRELL; J. B. S. DAVIS; C. W. MABRY, for defendant.

McCAY, Judge.

1. We do not think the judgment of this court, when this case was before it on a demurrer to the affidavit, controls it in its present shape. The question now made is, that admitting the facts stated to make a good case, there is another fact not set out in the affidavit, which made it the duty of the court to dismiss it, to-wit: that the very equities now set up were set up and passed upon in the original suit. In *White vs. Herndon*, 40 *Georgia*, 500, this court distinctly say, that while an equitable right is not barred by a judgment at law, nor an offset extinguished, yet that this is only true when the equity or offset has not been set up at law. Under our law you *may* set up any defense at law that, by the principles of equity, would justify relief in equity. It would seem to follow, therefore, that if an offset or an equity be set up at law and the finding is against the plea, the judgment is conclusive.

2. When this case was called in the court below it was in order for the plaintiff to prove any fact which met or avoided

its statements.   He introduced the record of the original suit.
A record is an estoppel upon the parties to it, and is to be tried
by inspection.   Upon this inspection it appeared as a fact that
the very equities now set up were set up and passed upon in
the original trial.   This was conclusive.   There was nothing
for a jury to pass upon; it was a mere question of the con-
struction of a record.

Judgment affirmed.